JOHN L. BURRIS, Esq./ State Bar #69888
BENJAMIN NISENBAUM, Esq./State Bar #222173
LAW OFFICES OF JOHN L. BURRIS
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone:  (510) 839-5200
Facsimile:   (510) 839-3882

Attorneys for Plaintiffs

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

JAMES TAYLOR, individually; ROBERT
FORBES, individually,

              Plaintiffs,

     vs.

CITY OF OAKLAND,  a municipal corporation;
RICHARD WORD, in his capacity as Chief of
Police for the CITY OF OAKLAND; S.
NOWAK , individually, and in his capacity as a
police officer for the CITY OF OAKLAND;  B.
ESTRADA, individually and in his capacity as a
police officer for the CITY OF OAKLAND;
CHRIS MORENO, individually and in his
capacity as a police officer for the CITY OF
OAKLAND; LEONEL SANCHEZ, individually
and in his capacity as a police officer the CITY
OF OAKLAND; SVEN HAMILTON,
individually and in his capacity as a police
officer for the CITY OF OAKLAND; and,
DOES 1-25, inclusive,

             Defendants.
                      /

Case No.  C 04 4843 MHP

**FIRST AMENDED COMPLAINT FOR
DAMAGES FOR VIOLATION OF CIVIL
RIGHTS.
JURY TRIAL DEMANDED**

## JURISDICTION

    1.    This action arises under Title 42 of the United States Code, Section 1983.  Jurisdiction

is conferred upon this Court by Title 28 of the United States Code, Sections 1331 and 1343.  The

unlawful acts and practices alleged herein occurred in the County of Alameda, California, which is within this judicial district.

PARTIES

2.     Plaintiff herein, JAMES TAYLOR ("TAYLOR"), is readily recognizable as an African-American male and was at all times herein mentioned a citizen of the United States residing in Alameda County in California.

3.     Plaintiff herein, ROBERT FORBES ("FORBES"), is readily recognizable as an African-American male and was at all times herein mentioned a citizen of the United States residing in Alameda County in California.

4.     Defendant City of Oakland ("CITY") is a municipal corporation, duly organized and existing under the laws of the State of California.  The City operates under its authority the Oakland Police Department.

5.     At all times mentioned herein, Defendant officer S. NOWAK ("NOWAK") was employed by Defendant CITY as a police officer.  He is being sued individually and in his official capacity as a police officer for the City.

6.     At all times mentioned herein, Defendant officer B. ESTRADA ("ESTRADA") was employed by Defendant CITY as a police officer.  He is being sued individually and in his official capacity as a police officer for the City.

7.     At all times mentioned herein, Defendant officer CHRIS. MORENO ("MORENO") was employed by Defendant CITY as a police officer.  He is being sued individually and in his official capacity as a police officer for the City.

8.     At all times mentioned herein, Defendant officer LEONEL SANCHEZ ("SANCHEZ") was employed by Defendant CITY as a police officer.  He is being sued individually and in his official capacity as a police officer for the City.

9.     At all times mentioned herein, Defendant officer SVEN HAMILTON ("HAMILTON") was employed by Defendant CITY as a police officer.  He is being sued individually and in his official capacity as a police officer for the City.

10.     Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 25, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff is informed and believes and thereon alleges that each Defendant so named is responsible in some manner for the injuries and damages sustained by Plaintiff as set forth herein.  Plaintiff will amend his complaint to state the names and capacities of DOES 1-25, inclusive,  when they have been ascertained.

11.     In engaging in the conduct described herein, Defendant police officers acted under the color of law and in the course and scope of their employment with the City.  In engaging in the conduct described herein, Defendant police officers exceeded the authority vested in them as police officers under the United States and California Constitutions and as police officers employed by Defendant CITY.

STATEMENT OF FACTS

FACTUAL ALLEGATIONS REGARDING PLAINTIFF JAMES TAYLOR

12.      On November 13, 2002, at around 10 p.m., plaintiff TAYLOR was detained without reasonable cause by defendant officers ESTRADA and NOWAK while he sat on two milk carton crates near the corner of 16th and Wood Streets in Oakland. Plaintiff had been sitting near the "SP Hotel."  When defendant officers detained Plaintiff, they asked a person who appeared to be the manager of the SP Hotel whether Plaintiff stayed at the hotel. That person told the officers that Plaintiff did not stay at the hotel.  The officers then asked that person whether Plaintiff was trespassing. The person responded that Plaintiff was not trespassing.   Nonetheless, defendant officers detained Plaintiff.

13.     Plaintiff had a Marlboro cigarette box in the front left pocket of his jeans.  The box contained rolling tobacco and a cigarette lighter. Defendant officers searched plaintiff at the scene after alleging that they saw a metal rod in Plaintiff's left front shirt pocket. In fact, Plaintiff had nothing in the shirt pocket. Defendant officers' alleged that the supposed rod was a crack pipe.

14.     Defendant officers searched plaintiff thoroughly and found no illegal drugs. Defendant officers allege in their police report of this incident that they also located a glass crack pipe in plaintiff's left front shirt pocket.  Defendant contends that there was nothing in the left front shirt pocket and that there was no contraband in view of defendant officers.

15.     Defendant officers then conducted an intrusive anal cavity search of Plaintiff.  In full public view, defendant officers ordered Plaintiff to lower his pants and underwear. Plaintiff complied. Defendant officers ordered plaintiff to bend over, partially squatting.   Defendant obeyed the humiliating order.  Defendant officers, who were positioned to peer into Plaintiff's anal cavity, shined a flashlight into defendant's anus.  The officers recovered no contraband or any object from Plaintiff's anal cavity. Plaintiff alleges defendant officers conducted the public search of his anal cavity without any cause to believe that Plaintiff's anus contained any foreign object.  The objectionable search lasted several minutes. Defendant officers taunted, belittled, and ridiculed Plaintiff throughout the detention and subsequent arrest.

16.     Defendant officers arrested Plaintiff on allegations of being under the influence of a narcotic.  Plaintiff was transported to Oakland City Jail where he provided a urine sample, and was subsequently released at about seven hours later at about 5:30 a.m.  Plaintiff made several court appearances before charges against him were dismissed on November 13, 2003.

17.     Defendant officer NOWAK prepared a police report regarding the arrest of plaintiff on November 13, 2002.  That report excludes any mention of the humiliating, public, anal cavity search of Plaintiff performed by defendant officers and contains factual misrepresentations regarding the justification for detaining, searching, and arresting Plaintiff.

18.     Plaintiff TAYLOR alleges, on information and belief, that defendant officers had insufficient information, and no particularized facts, to support the stop, detention, and search of Plaintiff.

19.     The detention, search, and arrest of Plaintiff TAYLOR described herein was done without any just provocation or cause, proximately causing Plaintiff TAYLOR's injuries and resulting damages.

20.     Plaintiff TAYLOR alleges on information and belief that defendant officers performed the public, intrusive anal-cavity search without probable or reasonable cause pursuant to an official or de facto CITY OF OAKLAND policy condoning and/or ratifying such illegal searches.

## FACTUAL ALLEGATIONS REGARDING PLAINTIFF ROBERT FORBES

21.    On January 15, 2004, at about 11 p.m. Plaintiff FORBES was detained by defendant officers MORENO, SANCHEZ, and HAMILTON at Martin Luther King, Jr. Way and 28th Street in Oakland as he walked to a nearby convenient store.  The three defendant officers were in a mini-van which stopped suddenly near Plaintiff. Defendant officers exited the van with their guns drawn on plaintiff. Plaintiff had committed no crime and had done nothing to justify the stop and detention at gunpoint by defendant officers.  Defendant officers later told Plaintiff word to the effect of "We almost shot you, Forbes. You making funny moves," as if to justify the stop, detention and search of Plaintiff.

22.    Defendant officers applied pressure to Plaintiff's throat, ordered him to open his mouth, and searched Plaintiff.  Although the search revealed no contraband, defendant officers handcuffed Plaintiff and one officer ordered the others to "take him around the corner and stripsearch him. He's got something in his a(expletive)."  Two defendant officers walked Plaintiff around the corner of a building where two female officers awaited.

23.    Defendant officers lowered Plaintiff's pants and underwear. Defendant Officer SANCHEZ told Plaintiff words to the effect of "We about to stick something up your ass."  One defendant officer then penetrated Plaintiff's anus with a finger two times in rapid succession.  This humiliating search, which lacked any reasonable belief or suspicion of criminal conduct, revealed no contraband and Plaintiff was released.  The detention lasted approximately one hour. Plaintiff alleges that defendant officers' intrusive, illegal search was tantamount to a sexual battery involving unlawful penetration of his anus.

24.    Plaintiff FORBES alleges on information and belief that defendant officers performed the public, intrusive anal-cavity search without probable or reasonable cause pursuant to an official or de facto CITY OF OAKLAND policy condoning and/or ratifying such illegal searches.

DAMAGES

25.     As a proximate result of Defendants' conduct, Plaintiff TAYLOR suffered severe and extreme emotional distress, fear, terror, anxiety, humiliation, and loss of his sense of security, dignity, and pride as a United States citizen.

26.     Plaintiff TAYLOR was assaulted, detained,  handcuffed, illegally searched in the anus in public, and falsely arrested by the  defendant officers noted herein without any just provocation or probable cause.  Plaintiff TAYLOR defended against the false charge of being under the influence of a narcotic for approximately one year and made several court appearances before the charges were dismissed.

27.     Plaintiff FORBES was assaulted, detained, handcuffed, illegally searched and unlawfully penetrated and sexually battered by defendant officers noted herein, without any just provocation or probable cause.

28.     The conduct of defendant officers was malicious, wanton, and oppressive.  Plaintiffs are therefore entitled to an award of punitive damages against said defendant police officers of the CITY.

29.     Plaintiffs found it necessary to engage the services of private counsel to vindicate his rights under the law.  Plaintiffs are therefore entitled to an award of all attorney's fees incurred in relation to this action for violation of their civil rights.


FIRST CAUSE OF ACTION
(42 U.S.C. Section 1983)
(Against Defendants NOWAK, ESTRADA,  MORENO, SANCHEZ, HAMILTON and DOES 1-10)

30.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 29 of this Complaint.

31.     In doing the acts complained of herein, Defendants NOWAK, ESTRADA, MORENO, SANCHEZ, HAMILTON and DOES 1-10, inclusive, and/or each of them, acted under color of law to deprive Plaintiffs of certain constitutionally protected rights, including, but not limited to:

a.     The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

b.     The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

c.     The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

d.     The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e.     The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution;

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

SECOND CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendants CITY, RICHARD WORD, and DOES 11-25)

32.     Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 31 of this Complaint.

33.     Plaintiffs are informed and believe and thereon allege that high ranking City of Oakland officials, including high ranking police supervisors, such as Defendant Richard WORD, DOES 11 through 25, and/or each of them, knew and/or reasonably should have known about repeated acts of misconduct by Defendants NOWAK, ESTRADA,  MORENO, SANCHEZ, HAMILTON and DOES 1-10, and/or each of them, including illegal public strip search and anal-cavity searches without any reasonable suspicion of criminal activity to justify the complained of searches.

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES        7
C 04 4843 MHP -

34.     Despite having such notice, Plaintiffs are informed and believe and thereon allege that Defendants WORD, DOES 11-25, and/or each of them, approved, ratified, condoned, encouraged and/or tacitly authorized the continuing pattern and practice of misconduct and/or civil rights violations by said officers.

35.     Plaintiffs are further informed and believe and thereon allege that as a result of the deliberate indifference, reckless and/or conscious disregard of the misconduct by Defendants NOWAK, ESTRADA,  MORENO, SANCHEZ, HAMILTON and DOES 1-10, and/or each of them, Defendant WORD, DOES 11-25, and/or each of them, encouraged these officers to continue their course of misconduct, resulting in the violation of Plaintiffs' rights as alleged herein.

36.     The aforementioned acts and/or omissions and/or deliberate indifference by high ranking City of Oakland officials, including high ranking City of Oakland Police Department supervisors, Defendants WORD, DOES 11-25, and each of them resulted in the deprivation of Plaintffs' constitutional rights including, but not limited to, the following:

   a.  The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

   b.  The right not to be deprived of life or liberty without due process of law, as guaranteed  by the Fifth and Fourteenth Amendments to the United States Constitution;

   c.  The right to be free from the use of excessive force by police officers, which is guaranteed  by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

   d.  The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution;  and/or,

e.   The right to be free from interference within the zone of privacy, as protected by the

Fourth and Ninth Amendments to the United States Constitution;

37.      Said rights are substantive guarantees under the Fourth and/or Fourteenth

Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

THIRD CAUSE OF ACTION
(42 U.S.C. section 1983)
(Against Defendant CITY OF OAKLAND)

38.      Plaintiffs hereby reallege and incorporate by reference herein paragraphs 1 through 37

of this Complaint.

39.      As against Defendant CITY, Defendant WORD and/or DOES 11-25 in his/their

capacity as official policy-maker(s) for the CITY OF OAKLAND, Plaintiffs further allege that the

acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated

course of conduct by members of the CITY OF OAKLAND Police Department tantamount to a

custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police

authority, and disregard for the constitutional rights of citizens.

40.      Plaintiffs are further informed and believe and thereon allege that the acts and

omissions alleged herein are the direct  and proximate result of the deliberate indifference of

Defendants CITY, WORD, DOES 11-25, and each of them, to repeated acts of police misconduct,

including  intrusive, humiliating, public anal cavity searches without probable or reasonable

suspicion of criminal wrongdoing, which were tacitly authorized, encouraged or condoned by the

Defendant CITY, Defendant WORD, DOES 11-25, and each of them.

41. The injuries and damages to Plaintiffs as alleged herein were the foreseeable and proximate result of said customs, policies, patterns and/or practices of Defendant CITY, Defendant WORD, DOES 11-25, and each of them.

42. Plaintiffs are further informed and believe and thereon allege that the damages sustained as alleged herein were the direct and proximate result of municipal customs and/or policies of deliberate indifference in the training, supervision and/or discipline of members of the Defendant OAKLAND Police Department.

43. Plaintiffs are further informed and believe and upon such information and belief allege that Plaintiffs' damages and injuries were caused by customs, policies, patterns or practices of Defendant CITY, Defendant WORD, DOES 11-25, and each of them, of deliberate indifference in the training, supervision and/or discipline of Defendant NOWAK, ESTRADA, MORENO, SANCHEZ, HAMILTON and DOES 1-10, and/or each of them.

44. The aforementioned customs, policies or practices of Defendant CITY, Defendant WORD, DOES 11-25, and each of them, resulted in the deprivation of Plaintiffs' constitutional rights including, but not limited to, the following:

    a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;

    b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution;

    c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth, Fifth, and Fourteenth Amendments to the United States Constitution;

    d. The right to equal protection of the laws, as guaranteed by the Fourteenth Amendment to the United States Constitution; and/or,

e.   The right to be free from interference within the zone of privacy, as protected by the Fourth and Ninth Amendments to the United States Constitution.

45.   Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

JURY DEMAND

46.   Plaintiffs hereby demand a jury trial in this action.

PRAYER

WHEREFORE, Plaintiffs pray for relief, as follows:

1.   For general damages in a sum of $1,000,000.00;

2.   For special damages in a sum according to proof;

3.   For punitive damages in a sum according to proof;

4.   For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5.   For injunctive relief

6.   For cost of suit herein incurred; and

7.   For such other and further relief as the Court deems just and proper.

Dated:  September 2, 2005                    **The Law Offices of John L. Burris**

_____/s/_____
Ben Nisenbaum, Esq.
Attorney for Plaintiff

FIRST AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES          11
C 04 4843 MHP -