

1  JOHN A. RUSSO, City Attorney - State Bar #129729
   RANDOLPH W. HALL, Chief Assistant City Attorney - State Bar #080142
2  WILLIAM E. SIMMONS, Supervising Trial Attorney - State Bar #121266
   ARLENE M. ROSEN, Senior Deputy City Attorney - State Bar #100160
3  One Frank H. Ogawa Plaza, 6th Floor
   Oakland, California  94612
4  Telephone:  (510) 238-6392          Fax:  (510) 238-6500
   X02484/379526
5
   Attorneys for Defendants
6  CITY OF OAKLAND, et al.

7

8

9                    UNITED STATES DISTRICT COURT

10                   NORTHERN DISTRICT OF CALIFORNIA

11

12  JAMES TAYLOR, individually; ROBERT          Case No.  C-04-04843-MHP
    FORBES, individually;
                                                **STIPULATED PROTECTIVE ORDER**
13               Plaintiffs,

14        vs.

15  CITY OF OAKLAND, a municipal corporation;
    RICHARD WORD, in his capacity as Chief of
16  Police for the CITY OF OAKLAND; S.
    NOWAK, individually, and in his capacity as a
17  police officer for the CITY OF OAKLAND; B.
    ESTRADA, individually and in his capacity as a
18  police officer for the CITY OF OAKLAND;
    CHRIS MORENO, individually and in his
19  capacity as a police officer for the CITY OF
    OAKLAND; LEONEL SANCHEZ, individually
20  and in his capacity as a police officer the CITY
    OF OAKLAND; SVEN HAMILTON, individually
21  and in his capacity as a police officer for the
    CITY OF OAKLAND; and, DOES 1-25,
22  inclusive,

23               Defendants.

24

25  ///

26  ///

1    Plaintiffs JAMES TAYLOR and ROBERT FORBES, by and through the LAW

2  OFFICES OF JOHN L. BURRIS, and Defendants CITY OF OAKLAND, STEVEN NOWAK

3  (erroneously sued as S. Nowak), BRETT ESTRADA (erroneously sued as B. Estrada),

4  CHRIS MORENO, LEONEL SANCHEZ, and SVEN HAMILTON ("Defendants"), by and

5  through their attorneys, the OFFICE OF THE CITY ATTORNEY OF OAKLAND, hereby

6  stipulate to the following protective order:

7    1. DEFINITIONS

8    1.1 Party: any party to this action, including all of its officers, directors,

9  employees, consultants, retained experts, and outside counsel (and their support staff).

10    1.2 Disclosure or Discovery Material: all items or information, regardless of

11  the medium or manner generated, stored, or maintained (including, among other things;

12    1.3 "Confidential" Information or Items:  information (regardless of how

13  generated, stored or maintained) or tangible things qualify for protection under standards

14  developed under F.R.Civ.P. 26(c).  This material includes:

15    (a)  Copies of personnel files of any sworn member of the Oakland Police

16  Department.

17    (b)  Copies of Internal Affairs files pertaining to any sworn member of the

18  Oakland Police Department.

19    (c)  Copies of medical and/or psycho-therapeutic records of any party to this

20  action.

21    1.4   "Highly Confidential-Attorneys' Eyes Only" Information or Items:

22  extremely sensitive "Confidential Information or Items" whose disclosure to another Party

23  or non-party would create a substantial risk of serious injury that could not be avoided by

24  less restrictive means.

25    1.5   Receiving Party: a Party that receives Disclosure or Discovery

26  Material from a Producing Party.

1.6     Producing Party:  a Party or non-party that produces Disclosure or Discovery Material in this action.

1.7     Designating Party:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential" or "Highly Confidential-Attorneys Eyes Only."

1.8     Protected Material:  any Disclosure or Discovery Material that is designated as "Confidential" or as "Highly Confidential-Attorneys' Eyes Only."

1.9     Outside Counsel:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action.

1.10    House Counsel:  attorneys who are employees of a Party.

1.11    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

1.12    Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as an consultant n this action and who is not a past or a current employee of a Party and who, at the time of retention, is not anticipated to become an employee of a Party.  This definition includes a professional jury or trial consultant retained in connection with this litigation.

1.13    Professional Vendors:  person or entities that provide litigation support services (e.g., photocopying: videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

2. SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or compilations thereof, plus

1 testimony, conversations, or presentations by parties or counsel to or in court or in other

2 settings that might reveal Protected Material.

3             3. <u>DURATION</u>

4             Even after the termination of this litigation, the confidentiality obligations

5 imposed by this Order shall remain in effect until a Designating Party agrees otherwise in

6 writing or court order otherwise directs.

7             4. <u>DESIGNATING PROTECTED MATERIAL</u>

8             4.1 <u>F.R.Civ. P. 26(c)</u>.  The information sought to be protected must be

9 properly qualified for protection under F.R.Civ. P. 26(c).  Counsel shall not designate any

10 discovery material "CONFIDENTIAL" without first making a good faith determination that

11 protection is warranted.

12             4.2  <u>Manner and Timing of Designations</u>.  Except as otherwise provided in

13 this Order (see, <u>e.g.</u>, second paragraph of section 4.2(a), below), or as otherwise

14 stipulated or ordered, material that qualified for protection under the Order must be clearly

15 so designated before the material is disclosed or produced.

16             Designation in conformity with this Order requires:

17             (a) for information in documentary form (apart from transcripts of depositions

18 or other pretrial or trial proceedings), that the Producing Party affix the legend

19 "CONFIDENTIAL"  or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" at the top of

20 each page that contains protected material.

21             A Party or non-party that makes original documents or materials available for

22 inspection need not designate them for protection until after the inspecting Party has

23 indicated which material it would like copied and produced.  During the inspection and

24 before the designation, all of the material made available for inspection shall be deemed

25 "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."  After the inspecting Party has

26 identified the documents it wants copied and produced, the Producing Party must

1   determine which documents, or portions thereof, qualify for protection under this Order,

2   then, before producing the specified documents, the Producing Party must affix the

3   appropriate legend ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES

4   ONLY") at the top of each page that contains Protected Material.    If only a portion or

5   portions of the material on a page qualifies for protection, the Producing Party also must

6   clearly identify the protected portion(s) (<u>e.g.</u>, by making appropriate markings in the

7   margins) and must specify, for each portion, the level of protection being asserted (either

8   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY").

9           (b) <u>for testimony given in deposition or in other pretrial or trial proceedings,</u>

10   that the Party or non-party offering or sponsoring the testimony identify on the record,

11   before the close of the deposition, hearing, or other proceeding, all protected testimony,

12   and further specify any portions of the testimony that qualify as "HIGHLY

13   CONFIDENTIAL—ATTORNEYS' ONLY." When it is impractical to identify separately each

14   portion of testimony that is entitled to protection, the Party or non-party that sponsors,

15   offers, or gives the testimony may invoke on the record (before the deposition or

16   proceeding ins concluded) a right to have up to 20 days to identify the specify the level of

17   protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—

18   ATTORNEYS' EYES ONLY").  Only those portions of the testimony that are appropriately

19   designated for protection within the 20 days shall be covered by the provisions of this

20   Stipulated Protective Order.

21         Transcript pages containing Protected Material must be separately bound by

22   the court reporter, who must affix to the top of each such page the legend

23   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," as

24   instructed by the Party or non-party offering or sponsoring the witness or presenting the

25   testimony.

26   ///

( c) <u>for information produced in some form other than documentary, and for any other tangible items,</u> that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY."

4.3 <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential"  or "Highly Confidential—Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential—Attorneys' Eyes Only" after the material was initially produced, the Receiving Party, on timely notification of the designation, must make reasonable efforts to assure that the material is treated in accordance with the provisions of the Order.  If Receiving Party serves a written objection to the propriety of a "Confidential" or "Highly Confidential" designation under this section, the parties must make reasonable attempts to meet and confer to resolve the disputed designation(s).  If such attempts fail, the Designating Party must move the Court for a protective order within thirty (30) days of the conclusion of the meet and confer discussions.  If the Designating Party does not so move, the Receiving Party may treat the subject "Confidential" or "Highly confidential" designation(s) as having been waived.

5. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

5.1 <u>Timing of Challenges.</u>   Unless a proper challenge to a Designating Party's confidentially designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burden, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

5.2 <u>Meet and Confer.</u>  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the

1    process by conferring directly (in voice to voice dialogue; other forms of communication are

2    not sufficient)  with counsel for the Designating Party.  In conferring, the challenging Party

3    must explain the basis for its belief that the confidentiality designation was not proper and

4    must give the Designating Party an opportunity to review the designated material, to

5    reconsider the circumstances, and, if no change in designation is offered, to explain the

6    basis for the chose designation.  A challenging Party may proceed to the next stage of the

7    challenge process only if it has engaged in this meet and confer process first.

8           5.3 Judicial Intervention.  A Party that elects to press a challenge to a

9    confidentiality designation after considering the justification offered by the Designating

10   Party may file and serve a motion under Civil Rule 7 (and in compliance with Civil Local

11   Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the

12   basis for the challenge.  Each such motion must be accompanied by a competent

13   declaration that affirms that the movant has complied with the meet and confer

14   requirements imposed in the preceding paragraph and that sets forth with specificity the

15   justification for the confidentiality designation that was given by the Designating Party in the

16   meet and confer dialogue.

17          The burden of persuasion in any such challenge proceeding shall be on the

18   Designating Party.  Until the court rules on the challenge, all parties shall continue to afford

19   the material in question the level of protection tow which it is entitled under the Producing

20   Party's designation.

21              6. ACCESS TO AND USE OF PROTECTED MATERIAL

22          6.1 Basic Principles.  A Receiving Party may use Protected Material that is

23   disclosed or produced by another Party or by a non-party in connection with this case only

24   for prosecuting, defending, or attempting to settle this litigation.  Such Protected material

25   may be disclosed only to the categories of persons and under the conditions described in

26   this Order.  When the litigation has terminated, a Receiving Party must comply with the

1    provisions of section 10, below (FINAL DISPOSITION).

2              Protected Material must be stored and maintained by a Receiving Party at a

3    location and in a secure manner that ensures that access is limited to the persons

4    authorized under this Order.

5              6.2    Disclosure of "CONFIDENTIAL: Information or Items.  Unless

6    otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving

7    Party may disclose any information or item designated CONFIDENTIAL only to:

8              (a) employees of the Receiving Party to whom disclosure is reasonably

9    necessary for this litigation and who have signed the "Agreement to Be Bound by

10   Protective Order"  (Exhibit A);

11             (b) experts (as defined in this Order) of the Receiving Party to whom

12   disclosure is reasonably necessary for this litigation and who have signed the "Agreement

13   to Be Bound by Protective Order" (Exhibit A);

14             (c) the Court and its personnel;

15             (d) court reporters, their staffs, and professional venders to whom disclosure

16   is reasonably necessary for this litigation;

17             (e) during their deposition, witnesses in the action to whom disclosure is

18   reasonably necessary and who have signed the "Agreement to Be Bound by Protective

19   Order" (Exhibit A).  Pages of transcribed deposition testimony or exhibits to depositions that

20   reveal Protected Material must be separately bound by the court reporter and may not be

21   disclosed to anyone except as permitted under this Stipulated Protective Order.

22             (f) the author the document or the original source of the information.

23             6.3    Disclosure of "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES

24   ONLY"  Information or Items.   Unless otherwise ordered by the court or permitted in writing

25   by the Designating Party, Receiving Party may disclose any information or item designated

26   "HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY" only to:

1    (a)    Experts (as defined in this Order) (1) to whom disclosure is

2  reasonably necessary for this litigation, who have signed the "Agreement to Be Bound by

3  Protective Order" (Exhibit A);

4    (b)    the Court and its personnel;

5    (c)    court reporters, their staffs, and professional vendors to whom

6  disclosure is reasonably necessary for this litigation; and

7    (d)    the author of the document or the original source of the information.

8    7.  PROTECTED MATERIAL SUBPOENAED OR ORDERED

9  PRODUCED IN OTHER LITIGATION

10    If a Receiving Party is served with a subpoena or an order issued in other

11  litigation that would compel disclosure of any information or items designated in this action

12  as "CONFIDENTIAL" or HIGHLY CONFIDENTIAL—ATTORNEYS' EYES ONLY," the

13  Receiving Party must so notify the Designating Party, in writing (by fax, if possible)

14  immediately and in no event more than three court days after receiving the subpoena or

15  order.  Such notification must include a copy of the subpoena or court order.

16    The Receiving Party also must immediately inform in writing the Party who

17  caused the subpoena or order to issue in the other litigation that some or all the material

18  covered by the subpoena or order is the subject of this Protective Order.  In addition, the

19  Receiving Party must deliver a copy of this Stipulated Protective Order promptly to the

20  Party in the other action that caused the subpoena or order to issue.

21    The purpose of imposing these duties is to alert the interested parties to the

22  existence of this Protective Order and to afford the Designation Party in this case an

23  opportunity to try to protect its confidentiality interests in the court from which the

24  subpoena or order issued.  The Designating Party shall bear the burdens and the

25  expenses of seeking protection in that court of its confidential material—and nothing in

26  these provisions should be construed as authorizing or encouraging a Receiving Party in

1 | this action to disobey a lawful directive from another court.

2 |      8. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

3 |      If a Receiving Party learns that, by inadvertence or otherwise, it has

4 | disclosed Protected Material to any person or in any circumstance not authorized under

5 | this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing

6 | the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

7 | copies of the Protected Material, (c) inform the person or persons to whom unauthorized

8 | disclosures were made of all of the terms of this Order, and (d) request such person or

9 | persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached

10 | hereto as Exhibit A.

11 |      9. <u>FILING PROTECTED MATERIAL.</u>  Without written permission from the

12 | Designating Party or a court order secured after appropriate notice to all interested

13 | persons, a Party may not in the public record in this action any Protected material.  A

14 | Party that seeks to file under seal any Protected Material must comply with Civil Local

15 | Rule 79-5.  In addition to placing the documents in a sealed envelope with instructions that

16 | the envelope is not to be opened absent further order of the court, the envelope should be

17 | labeled to identify title of the case, the case number, and the title of the document.

18 |      10. <u>FINAL DISPOSITION.</u>  Unless otherwise ordered or agreed in writing by

19 | the Producing Party, within sixty days after the final termination of this action, each

20 | Receiving Party must return all Protected Material to the Producing Party, as used in this

21 | subdivision, "all Protected Material" includes all copies, abstracts compilations, summaries

22 | or any other form of reproducing or capturing any of the Protected Material.  With

23 | permission in writing from the Designating Party, the Receiving Party may destroy some or

24 | all of the Protected Material instead or returning it.  Whether the Protected Material is

25 | returned or destroyed, the Receiving Party must submit a written certification to the

26 | Producing Party (and, if not the same person or entity, to the Designating Party) by the

sixty day deadline that identifies (by category, where appropriate) all the Protected

Material that was returned or destroyed and that affirms that the Receiving Party has not

retained any copies, abstracts, compilations, summaries or other forms of reproducing or

capturing any of the Protected Material.  Notwithstanding this provision, Counsel are

entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal

memoranda, correspondence or attorney work product, even if such materials contain

Protected Material.  Any such archival copies that contain or constitute Protected Material

remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

          11. <u>MISCELLANEOUS</u>

          <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any

person to seek its modification by the Court in the future.

          12. <u>JURISDICTION.</u>   The Court shall retain jurisdiction over any matter

covered by this Stipulation and Order for 24 months after the final termination of this

action.

**THE PARTIES HEREBY STIPULATE TO THE TERMS OF THE PROTECTIVE ORDER**

**AS SET FORTH ABOVE.**

DATED:  August 9, 2006                    LAW OFFICES OF JOHN L. BURRIS

                                  By:<u>/s//BENJAMIN NISENBAUM</u>
                                    BENJAMIN NISENBAUM
                                    Attorneys for Plaintiffs
                                    JAMES TAYLOR and ROBERT FORBES

DATED: August  9, 2006                  OFFICE OF THE CITY ATTORNEY

                                    By:<u>/s//ARLENE M. ROSEN</u>
                                      ARLENE M. ROSEN
                                    Attorneys for Defendants
                                      CITY OF OAKLAND, et al.

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

1

2

DATED: August 28, 2006

3

4                 IT IS SO ORDERED

MA_____
Unit_____
Judge Marilyn H. Patel

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____[print or type full name], of

_____[print or type full address], declare under penalty

of perjury that I have read in its entirety and understand the Stipulated Protective Order

that was issued by the United States Court for the Northern District of California on

_____[date] in the case of James Taylor, et al. v. City of Oakland,

et al., Case No. C-04-04843-MHP,  I agree to comply with and be bound by all the terms

of this Stipulated Protective Order and I understand and acknowledge that failure to so

comply could expose me to sanctions and punishment in the nature of contempt.  I

solemnly promise that I will not disclose in any manner any information or item that is

subject to this Stipulated Protective Order to any person or entity except in strict

compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District for the

Northern District of California for the purpose of enforcing the terms of this Stipulated

Protective Order, even if such enforcement proceedings occur after termination of this

action.

I hereby appoint_____[print or type full

name] of _____[print or type full address

and telephone number] as my California agent for service of process in connection with

this action or any proceedings related to enforcement of this Stipulated Protective Order.

///

///

///

1  Date:_____

2  City and State where sworn and signed:_____

3  Printed name:_____

4                         [printed name]

5  Signature:_____

6                         [signature]

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26